UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIRO DIAZ-DIAZ,

    Petitioner,

-vs-                                                Case No.  8:17-cv-865-T-36JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

    Petitioner, a Florida inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1.) He did not, however, either pay the $5.00 filing fee or file a request to proceed *in forma pauperis*, one of which is required to be done within thirty (30) days of the commencement of the action. *See* Rule 1.03(e) of the Local Rules of the United States District Court for the Middle District of Florida.[1]

    Accordingly, it is **ORDERED** that:

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases. His failure to do so could result in sanctions, including dismissal of his claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, you must also provide a self-addressed envelope with sufficient postage affixed thereto. A copy of the Local Rules may be found in the Prison Law Library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164.

1. Petitioner shall, on or before June 12, 2017, either submit the $5.00 filing fee or complete and file the enclosed Affidavit of Indigency. Failure to do so will result in the **dismissal** of this action **without further notice**.[2]

2. The **Clerk** shall **enclose** an Affidavit of Indigency form in the envelope with Petitioner's copy of this Order.

**DONE AND ORDERED** in Tampa, Florida, on May 12, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

SA:sfc
Copy to: *Pro se* Petitioner

---

[2] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that an application for federal habeas corpus review <u>does</u> <u>not</u> toll the one-year limitation period under § 2244(d)(2)).