UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIRO DIAZ-DIAZ,

    Petitioner,

-vs-                                      Case No. 8:17-cv-865-T-36JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (hereinafter "petition") on April 10, 2017 (Doc. 1). Respondent moves to dismiss the petition as time-barred or, alternatively, for an order denying the petition (Doc. 9). For the reasons set forth below, the petition will be denied.[1]

## I. PROCEDURAL HISTORY

On October 16, 2012, Petitioner pleaded guilty to three counts of sexual battery (Respondent's Ex. 1, record pp. 67-70). On October 19, 2012, he was sentenced to life in prison on each count (*Id.*, record pp. 71-77, 92-93). He did not appeal his convictions and

---

[1] The Court disagrees with Respondent's conclusion that the petition is time-barred. Under Florida's prisoner mailbox rule, "a pro se inmate's document is deemed filed when the inmate entrusts the document to prison officials for further delivery or processing." *Pagan v. State*, 899 So.2d 1203, 1204 (Fla. 2d DCA 2005). The rule applies even when the document is never received by the court to which it was mailed. *See Lawson v. State*, 107 So. 3d 1228, 1229 (Fla. 2d DCA 2013). Thus, under Florida's prisoner mailbox rule, Petitioner's Notice of Appeal of the January 16, 2015 order denying his amended Rule 3.850 motion was considered timely filed on February 10, 2015, the day on which he provided the Notice of Appeal to prison officials for mailing (Respondent's Ex. 2, Petition for Writ of Habeas Corpus for Belated Appeal – Exhibit A). Petitioner's amended Rule 3.850 motion therefore was pending and tolled the AEDPA limitation period from October 1, 2013, the date the motion was filed, through March 3, 2017, the date the state appellate court issued its mandate (Respondent's Ex. 10). Therefore, by the Court's calculations, only 354 days of the AEDPA limitation period elapsed before Petitioner filed his federal habeas petition on April 10, 2017. Accordingly, the petition is timely.

1

sentences.

On October 1, 2013, Petitioner filed a post-conviction motion pursuant to Rule 3.850, Fla.R.Crim.P. (*Id.*, record pp. 16-51). On May 23, 2014, he filed an amended Rule 3.850 motion in which he alleged that his guilty plea was not voluntary because trial counsel "expressly asserted" to Petitioner that if he proceeded to trial, the State would "proceed" against Petitioner's wife on "an unexplained offense stemming" from his case, and his child would be separated from her mother (*Id.*, record pp. 53-60). He further mentioned that he "is a Spanish speaking Defendant [who] sustained a degree of prejudice upon defense counsel's hasty interaction with Petitioner, resulting in a wholly inadequate understanding of the proceedings. . . ." (*Id.*, record p. 56). The amended Rule 3.850 motion was denied on January 16, 2015, following an evidentiary hearing (*Id.*, record pp. 171-76).

On June 15, 2015, Petitioner filed a Petition for Writ of Habeas Corpus (Respondent's Ex. 2) in which he petitioned for a belated appeal of the order denying his amended Rule 3.850 motion. He alleged, in pertinent part, that he filed a timely notice of appeal on February 10, 2015, that the appellate court apparently never received (*Id.*). The petition was granted (Respondent's Ex. 5).

In his Initial Brief on appeal, Petitioner no longer argued that his plea was involuntary because counsel told him that if he proceeded to trial his wife would be prosecuted, and their child would be taken from them (Respondent's Ex. 6). Rather, he argued that his plea was involuntary because his "native dialect" is "Tzotzil," he did not "fully understand" the Spanish spoken by his attorney and the interpreter, and the language barrier "led him to believe that if he did not accept the State's plea offer his wife also would be jailed and his childern [sic] taken away to an unknown fate." (*Id.*). He further argued that during the change of plea hearing, the

2

trial court erred in failing to inquire whether Petitioner "fully understood the fluent Spanish spoken by his counsel and interperter [sic]." (*Id.*). The denial of the amended Rule 3.850 motion was affirmed (Respondent's Ex. 9), and the appellate court mandate issued on March 3, 2017 (Respondent's Ex. 10).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."

*Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Exhaustion of State Remedies and Procedural Default**

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. See § 2254(b)(1)(A); *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its' prisoners federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v.*

*Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

**C. Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some

---

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

6

reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

**Ground One**

In the heading of Ground One, Petitioner alleges that his trial counsel was ineffective in advising him that if he proceeded to trial, his wife would be prosecuted, and their children would be taken from them. In the "Supporting facts" section of Ground One, however, Petitioner alleges a different claim: his counsel was ineffective in failing to retain an interpreter who spoke Petitioner's "Mexican-Indian" dialect. He contends that without the "proper interpreter" he was unable to "fully understand" the Spanish spoken by both counsel and the interpreter, and he believed that counsel had stated that if he proceeded to trial that his wife would go to prison and their children taken from them. Both claims are procedurally barred from review.

To the extent that Petitioner contends that counsel was ineffective in advising him that if he proceeded to trial his wife would go to jail and his children taken away, the claim was procedurally defaulted in state court because Petitioner did not present the claim to the appellate court (*see* Respondent's Ex. 6). *See Hall v. State*, 823 So. 2d 757, 763 (Fla. 2002) (an issue not

raised in an initial brief is deemed abandoned) (citation omitted); *Baker v. Dep't of Corr., Sec'y*, 634 F. App'x 689, 692 (11th Cir. 2015) (petitioner failed to exhaust substantive double jeopardy claim because he did not raise the claim during his appeal from the denial of his Rule 3.850 motion). His failure to raise the claim on appeal from the denial of his Rule 3.850 motion deprived the state courts of a full opportunity to address the claim. *See O'Sullivan*, 526 U.S. at 845 (before asserting a claim in a § 2254 petition, prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Even if the claim were not barred from review, it would fail on the merits. During the evidentiary hearing on this claim, Petitioner testified that his attorney told him that if he did not plead guilty "they were going to take my two children and my wife was going to go to jail." (Respondent's Ex. 1a, record p. 239). Petitioner's attorney denied that he advised Petitioner that if he did not plead guilty, his children would be taken away and his wife would be taken to jail (*Id.*, record p. 243). The state post-conviction court found that trial counsel's testimony was more credible than Petitioner's testimony, and counsel did not tell Petitioner that if he proceeded to trial the State would prosecute his wife and his children would be taken away (Respondent's Ex. 1, record pp. 175-76).

Petitioner does not establish that counsel misadvised him as he claims counsel did. The court's factual finding that counsel never advised Petitioner that if he did not plead guilty his wife would go to jail and the children taken away is afforded deference, and Petitioner does not overcome the presumption of correctness attached to this finding. 28 U.S.C. § 2254(e)(1). The court's credibility determination also must be afforded deference. *See Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir.1998) ("We must accept the state court's credibility determination

and thus credit [the attorney's] testimony over [the petitioner's]."), *cert. denied*, 526 U.S. 1047 (1999); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir.1993) ("Findings by the state court concerning historical facts and assessments of witness credibility are. . .entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d)."), *cert. denied*, 513 U.S. 1161 (1995). Petitioner therefore does not show that the state post-conviction court's denial of this claim was an unreasonable application of *Strickland* or was based on an unreasonable determination of the facts.

To the extent Petitioner contends that counsel was ineffective in failing to retain an interpreter who spoke Petitioner's "Mexican-Indian" dialect, the claim is unexhausted because it was never presented to the state courts. Any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, because the state rule requiring submission of an appellate brief bars Petitioner from returning to state court to challenge the denial of this claim in a second appeal of the denial of the Rule 3.850 motion, *see* Fla. R.App. P. 9.141(b)(3)(C), and any further attempt to raise the claim in another Rule 3.850 motion would be subject to dismissal as untimely and successive. *See* Fla.R.Crim.P. 3.850(b), (h); *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir.1993) (where a claim has not been exhausted in state courts but would be barred if presented there, a federal court may bar the claim by relying upon the applicable state rules, since exhaustion would be futile). Accordingly, this claim is procedurally defaulted.

Petitioner has not shown either cause excusing the default or actual prejudice resulting from the bar. Further, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Accordingly, Ground One does not warrant federal habeas relief.

9

**Ground Two**

Petitioner contends that his right to due process under the Fourteenth Amendment was violated during the change of plea hearing because the state court failed "to inquire to determine that [Petitioner] underst[ood] the fluent Spanish spoken by his defense counsel and interpreter." Respondent correctly argues that this claim was procedurally defaulted under Florida law (Doc. 9, pp. 21-22). Petitioner did not raise this claim in his amended Rule 3.850 motion in the state post-conviction court (*see* Respondent's Ex. 1, record pp. 53-60). As a result, he did not provide the state courts with a fair opportunity to address the constitutional claim he now presents to this Court.

Although Petitioner raised his due process claim in his appeal from the denial of his amended Rule 3.850 motion (Respondent's Ex. 6), it is a firmly established and regularly followed procedural rule in Florida that an appellate court will not consider a claim raised for the first time on appeal. *See Galvez v. Ramos,* 941 So. 2d 475, 477 (Fla. 3d DCA 2006) ("Generally, an appellate court cannot address claims raised for the first time on appeal.") (citation omitted); *Doyle v. State*, 526 So.2d 909, 911 (Fla.1988) (holding claim procedurally barred because it was not presented to the state post-conviction court in defendant's rule 3.850 motion and could not be raised for the first time on appeal of the order denying relief).

It cannot be presumed that the state appellate court ignored the state's procedural rule in per curiam affirming the denial of the amended Rule 3.850 motion. When a Florida court issues a summary denial on a claim that is procedurally barred and nothing in the disposition discusses the merits of the federal claim, this Court "cannot assume that had the [state court] explained its reasoning, it would have reached the merits of [the] claim." *Zeigler v. Crosby*, 345 F.3d 1300, 1310 (11th Cir.2003) (citing *Kight v. Singletary*, 50 F.3d 1539, 1545 (11th Cir.1995) (citing

*Tower*, 7 F.3d at 209.

Petitioner's claim is now barred by the two-year limit of Rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. 834 (1990), and the state's successive petition doctrine. *See Foster v. State*, 614 So.2d 455, 458 (Fla.1992).

Petitioner does not allege and demonstrate actual prejudice to excuse his default; nor does he allege and meet the fundamental miscarriage of justice exception. Accordingly, because Ground Two is procedurally barred from review, it warrants no relief.[3]

Any claims not specifically addressed herein have been determined to be without merit.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of the Court shall enter judgment accordingly and close this case.

2. This Court should grant an application for a Certificate of Appealability (COA) only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make this showing. Accordingly, a COA is **DENIED**. And since Petitioner is not entitled to a COA, he cannot proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on April 10, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record

---

[3] The Court notes that despite Petitioner's vague and self-serving assertion that he did not "fully understand" the Spanish spoken by counsel and the interpreter, he referred to himself as "a Spanish speaking Defendant" (Respondent's Ex. 1, record p. 56), and his attorney informed the trial court at the change of plea hearing that Petitioner was "comfortable" proceeding with a Spanish interpreter (*Id.*, record p. 79).